NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0342n.06
Filed: May 3, 2005

No. 03-2611

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ESTATE OF PAUL HARRIS, by and through his duly appointed Personal Representative, Patricia Harris, | ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE |
| CITY OF DETROIT, a municipal corporation; WILLIAM TATUM, in his individual and official capacity; and RAY SMITH, in his individual and official capacity, | ) ) ) ) ) ) | EASTERN DISTRICT OF MICHIGAN OPINION |
| Defendants-Appellees. | ) ) | |

Before: SUHRHEINRICH and GILMAN, Circuit Judges; and ACKERMAN, District Judge.*

RONALD LEE GILMAN, Circuit Judge. Paul Harris, a habitual drug user, was arrested for possession of cocaine and heroin. While in police custody, he died as a result of a heart condition that was exacerbated by his drug use. In May of 2002, Harris's estate, by and through his personal representative, Patricia Harris, filed suit in the Wayne County Circuit Court against the City of Detroit, Officer William Tatum, and Sergeant Ray Smith. Tatum was the prison detention officer responsible for Harris's safekeeping. Smith, the Supervising Officer in charge of the 6th Precinct,

---

*The Honorable Harold A. Ackerman, United States District Judge for the District of New Jersey, sitting by designation.

was responsible for ensuring that Harris received appropriate medical care. The two-count complaint alleged that the city violated Harris's rights under the Fourth, Eighth, and Fourteenth Amendments by "failing to provide [him] with immediate medical attention despite knowing that [he] was in serious need" of treatment. It also asserted the same claims against Tatum and Smith individually.

The defendants removed the case to the United States District Court for the Eastern District of Michigan. In due course, they moved for summary judgment on both counts of the complaint. Harris also moved for partial summary judgment, arguing that the city had admitted its policy of violating the rights of pretrial detainees in a consent judgment that it had entered into with the United States Department of Justice in 2003. The district court granted the defendants' motion and denied Harris's. This timely appealed followed.

After carefully considering the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we conclude that the district court did not err in granting summary judgment to the defendants. Because the reasoning that supports the judgment has been clearly articulated by the district court in a thorough and comprehensive 11-page decision, the issuance of a detailed written opinion by us would be unduly duplicative. Accordingly, the judgment rendered by the Honorable Nancy G. Edmunds, United States District Court Judge for the Eastern District of Michigan at Detroit, is **AFFIRMED** on the basis of the reasoning detailed in her Order dated November 19, 2003.